# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICK TODD BAYLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV697 |
| | ) | |
| MARYANNE GAFFNEY-KRAFT, | ) | |
| DR. JOHN BUTTS, KEVIN GERITY, | ) | |
| and DARREN POE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Patrick Todd Bayliff, a prisoner of the State of North Carolina, brought this civil action pursuant to 42 U.S.C. § 1983, alleging that the named Defendants entered into a conspiracy to falsify evidence against Plaintiff. According to Plaintiff, this conspiracy resulted in criminal charges against Plaintiff and an eventual guilty plea by Plaintiff. As Defendants, Plaintiff has named personnel of the N.C. Medical Examiner's Office and officers of the Burlington Police Department. Before the Court is Plaintiff's *pro se* complaint and his motion for leave to file an amended complaint (Pleading No. 10).

Plaintiff requested and was granted leave to proceed *in forma pauperis* in this case. In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C. § 1915(e)(2)(B) when the complaint lacks "an arguable basis either in law or fact." *Id*. at 325. *Neitzke*

explained that "[§ 1915(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Additionally, under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), a court may dismiss as frivolous *in forma pauperis* complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely.

The Court concludes that Plaintiff Bayliff's complaint is subject to dismissal under *Neitzke*.

On review of the complaint and the proposed amended complaint, the Court finds that Plaintiff's complaint should be dismissed at this time for failure to state a cognizable claim. The allegations that Plaintiff makes, if established as true, would call into question the validity of his criminal conviction. He was tried for first-degree murder, but before the case was given to the jury, he tendered an *Alford* guilty plea to the lesser-included offense of voluntary manslaughter. His plea could be invalid as unknowing and coerced if the factual allegations in this case are true. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), however, Plaintiff cannot proceed with this civil action until he demonstrates that his criminal conviction has been reversed or expunged. In his pleadings, Plaintiff advises that he has hired an attorney who may file a motion for appropriate relief with regard to his

-2-

criminal conviction.  As noted above, the grant of relief from his conviction is a necessary precondition to the filing of a civil action such as that attempted here by Plaintiff.

Accordingly, and for reasons set forth above, **IT IS RECOMMENDED** that this action be dismissed as not cognizable at this time.   **IT IS ORDERED** that the motion to amend (Pleading No. 10) is **GRANTED**, but the amended complaint suffers from the same legal impediment under *Heck v. Humphrey* as the original complaint.


                                                      /s/ P. Trevor Sharp
                                           United States Magistrate Judge


Date:  April 13, 2007